[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11229

_____

D.C. Docket No. 1:14-cv-00054-WLS,
Bkcy No. 13-bkc-10835-JDW

In re: DENISE E. MOONEY,

Debtor.

_____

DENISE E. MOONEY,

Plaintiff - Appellant,

versus

JOY R. WEBSTER,
Trustee,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(January 27, 2017)

Before HULL and JILL PRYOR, Circuit Judges, and CONWAY,[*] District Judge.

PER CURIAM:

When Denise E. Mooney filed a petition for Chapter 7 bankruptcy in 2013, she claimed the assets in her health savings account ("HSA") as property exempt from the bankruptcy estate. As we previously recognized, the Bankruptcy Code permits states to adopt their own lists of property that is exempt from a bankruptcy estate. *See In re Mooney* ("*Mooney I*"), 812 F.3d 1276, 1279 (11th Cir. 2016) (citing 11 U.S.C. § 522(b)(2)). Georgia has set forth its list of exempt property in O.C.G.A. § 44-13-100. Mooney claims that the contents of her HSA are exempt from her bankruptcy estate pursuant to O.C.G.A. § 44-13-100(a)(2)(C), which exempts, in relevant part, any "disability, illness, or unemployment benefit," and O.C.G.A. § 44-13-100(a)(2)(E), which exempts any "payment under a pension, annuity, or similar plan or contract on account of illness [or] disability. . . ."

The Chapter 7 trustee, Joy Webster, objected to the HSA's exemption. The bankruptcy court sustained Webster's objection, and the district court affirmed. On appeal, we certified questions to the Supreme Court of Georgia, including:

(1) Does a debtor's health savings account constitute a right to receive a "disability, illness, or unemployment benefit" for the purposes of O.C.G.A. § 44–13–100(a)(2)(C)?

---

[*] Honorable Anne C. Conway, United States District Judge for the Middle District of Florida, sitting by designation.

2

(2) Does a debtor's health savings account constitute a right to receive a "payment under a pension, annuity, or similar plan or contract" for the purposes of O.C.G.A. § 44–13–100(a)(2)(E)?

*Mooney I*, 812 F.3d at 1283.

The Supreme Court of Georgia answered both questions in the negative, holding that under Georgia law, an

> HSA does not constitute a right to receive a "disability, illness, or unemployment benefit" for the purposes of OCGA § 44-13-100 (a) (2) (C), nor does it constitute a right to receive a "payment under a pension, annuity, or similar plan or contract" for the purposes of OCGA § 44-13-100 (a) (2) (E).

*Mooney v. Webster*, 794 S.E.2d 31, 36 (Ga. 2016).[1]   The Supreme Court of Georgia's answers to our certified questions foreclose Mooney's arguments on appeal.   Under Georgia law, Mooney was not entitled to claim the assets in her HSA as property exempt from the bankruptcy estate.   Accordingly, we affirm.

**AFFIRMED.**

---

[1] We certified a third question as well:  "Is a debtor's right to receive a payment from a health savings account 'on account of illness [or] disability' for the purposes of O.C.G.A. § 44–13–100(a)(2)(E)?"   *Mooney I*, 812 F.3d at 1283.   Because the Supreme Court of Georgia answered our first two questions in the negative, it did not address the third question.   *Mooney*, 794 S.E.2d at 32.